*78 OPINION of the Court, by
Judge OwSXRY.
The, sheriff of Lincoln county having in virtue of a writ of fieri facias which issued upon a judgment obtained by Robert Caldwell against Joseph Ballenger, taken seye-. *79 ⅜⅛1 negroes which were found in said Ballenger’s possession, and being about to dispose of them to satisfy that execution, both Jno. Logan, the ancestor of the appel-lees, and Jos. Helm, the appellant, set up claims to the ne-groes; the claim of Helm was made under a mortgage from'Ballcnger for the same negroes, and that of Logan was made as the original proprietor; and for the purpose of ascertaining whether they were subject to the execution, a jury was empannelled by the sheriff, and the negroes condemned to be sold. The sheriff accordIngly exposed the negroes to sale, and John Logan became the purchaser and paid the purchase money.
An alleged *⅞*, Jh^were^con-tending for flavet lelzed 11 B-'thatLftbnU have the bene, °f * mort-j£s*s h, and pay ¡>⅛ his de-,mand. Jn. Ian<j'» ftatuteoffrau<Jff and perjuries,
At the time the inquest was had by the sheriff, a suit was depending id favor of Helm against Ballenger, for the purpose of foreclosing his mortgage; and since tlien a decree has been made in that suit foreclosing Bailen-ger’s equity of redemption, and directing a sale of the negroes to satisfy Helm’s demand: and although the possession oi the negroes could not be procured, they were actually sold by the commissioners appointed under that decree, and purchased by Helm.
But as Logan was no party to that suit, and refused to deliver the negroes to Helm, this suit was brought by Helm in the Franklin circuit court against the heirs of Logan, (lie having previously departed this life) and that court being of opinion Helm manifested no equity, refused him relief and dismissed his bill with costs. From this decree Helm has appealed to this court.
The mortgage of Helm appears never to have been recorded, and hence whatever efficacy it might have as against Ballenger, with respect to his creditors it must be held-fraudulent and void.
As against Caldwell, therefore, who is proven to have been the creditor of Ballenger, that mortgage could have nopossible effect. But itis contended that although the mortgage may be void with respect to creditors, yet it cannot be so considered as to purchasers with notice; and as Logan made his purchase from the sheriff with notice of the mortgage, as respects him and his representatives it is urged the mortgage must prevail. This doctrine cannot be admitted to be correct. Nothing could be more absurd than the recognition of such a principle. What would be its consequences ? As to creditors the mortgage is void, but as to purchasers under the execution of the creditor with notice, the mort- *80 a purchaser intervene. If no other person becomes the purchaser, the creditor will be left to the alternative either to purchase himself or loose his demand j. as»d if he purchases, he thereby looses his character of creditor, arid according to the doctrine contended for, m a purchaser with notice cannot be protected. A doctrine fraught with such consequences we are not prepared to recognize. And wo think the mortgage irf Helm not only invalid as respects creditors, but must be so held: with respect to purchasers under the execution of creditors, gage it is contended ⅛ Valid. The creditor cannot éní fnrPA fhpy PívlWfÍAir ilpmcmfl wifhrmi AYAPiifinw
Thérighí of Helm in this cause is riot however made-to rest solely on Logan’s liability as purchaser with no->-tice; but he further alleges that shortly previous to the inquest taken by the sheriff, an agreement was entered into between him and Logan, whereby Logan agreed ter pay his demand upon Balienger, in lands. This agreement is not only denied by the answers of the appellees, hut they also rely upon the statute against frauds andb perjuries in bar thereof. .
If such an agreement were made, it is apparent that it was merely voluntary, without any consideration : for no other consideration is pretended but that Helm was: to let him have the benefit of the mortgage On Balienger J and it is abundantly proven that Helm since that agrees ment has claimed the benefit of the mortgage, and actually prosecuted the suit which was then depending to final decree, and used every possible means to obtain, in. Virtue of the mortgage, the negroes purchased by Logan.
But Could this objection to that agreement be removed, still there exists another insuperable bar to the relief asked : for it is not pretended that agreement was reduced to writing; and as it related to land, it cannot b# binding on Logan or his representatives.
We are therefore of opinion that upon no ground can Helm be entitled to relief, and that the decree of tins' court below must he affirmed with costs.