EASTERN DIS.
*March,* 1833.

OHIO
INSURANCE CO.
*vs.*
EDMONDSON
ET ALS.

SAME CASE.

The preceding opinion was delivered at the last May term, and a motion for rehearing was made on the following grounds, by *Hennen* and *Peirce,* for appellants.

1. That no judgment can be rendered, to divest Edmondson of his property, because of a debt due by *Tallant,* until judgment be rendered against *Tallant.* He may have paid, the agreement being private and without witnesses, may have been as privately annulled; in this case, *Tallant, the debtor, and only debtor,* has not been made a party.

2. That no proof, other than a private deed not witnessed, has been adduced to show, that six thousand dollars have been actually paid by the plaintiff to Tallant, it is good against him, but not against Edmondson.

3. Because if the rule be, that the creditor has sixty days from the first coming of the property into the State of Kentucky, to prove the reality of the deed by witnesses or acknowledgment, and record said proof or acknowledgment in the clerk's office, this does not aid the plaintiff, for the steamboat Walter Scott was twice before at Louisville, in May and in June, 1829, when she came there from New-Orleans, and took in cargo.

*Preston* and *Hoffman, contra.*

1. The rule of this court, which requires the parties to file the points and authorities on which they intend to rely, provides, that "no rehearing shall be granted on any points which the parties may have omitted to furnish, in compliance with this rule." The defendants omitted to furnish any points in compliance with this rule. A rehearing, therefore, cannot be granted. As well might a party ask for a new trial, without showing due diligence on the first trial.

2. James Tallant was made a party by the petition, answer, proceedings, evidence, and judgment, below.

EASTERN DIS.
*March*, 1833.

OHIO
INSURANCE CO.
*vs.*
EDMONDSON
ET ALS.

A rehearing having been granted, and the case argued by the same counsel as before, at the present term the final opinion of the Court was delivered by PORTER, J.

A rehearing was granted in this case, principally on the ground that there was evidence in the record, that the steamboat Walter Scott, had been sixty days within the limits of the State of Kentucky, previous to her sale under the decree of the Court of Chancery in that State.

It has been conceded on the last argument, that such is the truth of the case, and we have now to examine what change it should produce in our former judgment.

From the opinion already delivered, it is seen that the decision of the cause turned on a fact (erroneously) assumed by the court, that the steamboat had not been within the limits of the State of Kentucky sixty days, and that the act of Assembly of that State, gave the creditor a delay of that time, to record his mortgage.

Unless the argument since addressed to us have changed our first view of the case, the fact, just stated, must be decisive of the rights of the parties; but as our decree must now be adverse to the plaintiffs' claims, it is proper to notice the positions assumed by them, and which, in their opinion, rendered it unnecessary to enregister their mortgage.

In the examination, it is important to inquire whether the lien now sought to be enforced, is one which derives its validity from the maritime law, or from the local laws of the state, in which the defendant, Edmondson, acquired title to it. On this point, we refer to our former opinion, for the reasons on which we came to the conclusion, that the obligation in favor of the plaintiffs, could not be considered a bottomry bond. As it is not of that character, we are unacquainted with any principle of that law, by which an express lien on the vessel, conferred by the owner in the form of a written contract, for the loan of money, which attaches thereafter to the object affected by the agreement, and which follows her into other countries, to the exclusion of a real right which may be acquired in, or to her, in those countries.

*A written contract, which has not the character of a bottomry bond, but which has been entered into for the loan of money, and confers an express lien on a vessel, cannot by the maritime law, follow her into other countries, to the prejudice of rights acquired there.*

EASTERN DIS.
*March*, 1833.

OHIO
INSURANCE CO.
*vs.*
EDMONDSON
ET ALS.

The facts show Edmondson acquired under a forced sale, regularly and legally made in the State of Kentucky, all the right and interest of the owners in and to the boat, and he, therefore, must be maintained in the possession and free enjoyment of the object to which he thus acquired title, unless the plaintiff can establish, that by the laws of Kentucky, the lien which they held on the boat, affected purchasers at Sheriffs' sales.

The affirmative of this proposition has been strongly maintained, but the argument has not been successful in producing the desired conviction on our minds. First: It was contended that by the evidence, such an instrument as that produced in evidence, would give a lien by the laws of Kentucky. The witness (Southgate) who so states, cannot be understood by us, to give a greater effect to this mortgage, than that which belong to liens expressly recognized by the statute law of that state, when made within its limits; for, he adds, after stating that it would have effect in Kentucky, that it would bind all persons who had notice of its existence by record or otherwise.

It was also strenuously urged, that the statute of that state, which required enregistry in order to affect third parties, would have no application to steamboats which were moving through different countries, situated on the banks of its navigable streams. That statute provides, that no deed of mortgage or deed of trust, on or for real or *personal* estate, shall be good or valid against a purchaser for a valuable consideration, without notice thereof, or against any creditor, unless such deed shall within sixty days, be recorded where the estate then conveyed, or the greater part lies. From the wording of this statute, it evidently contemplated liens granted in the state, on property within its limits. When under the testimony adduced, we give effect to a lien made in another state, on property such as this, not then within any county of Kentucky, the question is, whether we can dispense with the recording in a county in Kentucky, when a third party acquires a right in, or title to her. We are without any decision of the courts of that state on this subject, but

it appears to us impossible to safely conclude, that they would sustain such a position. If a mortgage was given on a boat already within the state, and belonging to some person in it, we cannot doubt, that under the statute, it would be necessary to enregister it, in order that it might have its effect against third parties. It is evidently the policy of their laws, to require notice. The admission of a mortgage from another state, cannot be understood by us, to place the foreign creditor in a better situation than the domestic one; for the doctrine of giving effect to liens and laws from another state, must be always understood as subject to the condition, that the admission of them does not work an injury to the citizen of the state. We should act on these principles, if the transaction had taken place in this state.

EASTERN DIS.
March, 1833.

OHIO
INSURANCE CO.
vs.
EDMONDSON
ET ALS.

We have not noticed the objection made, on the ground that Edmondson had notice of the lien; for, according to the jurisprudence of the State of Kentucky, notice is required to the creditor, as well as the purchaser. 4 *Bibb,* 78.

Several privileged creditors intervened in the court below. Their claims do not appear to be disputed by either party, and the judgment of the Parish Court in relation to them, must be affirmed.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be annulled, avoided, and reversed; and it is further ordered and decreed, that the interveners in this cause be paid by privilege, out of the proceeds of the sale of the boat, and that of these interveners, there be paid to George Benley and others, the sailors and crew of said boat, as per voucher marked A, three hundred and twenty-two dollars and thirty-six cents; to Nath. Emerson, one hundred and twenty-seven dollars and twenty-seven cents; to Russell Ball & Co., one hundred and thirty-three dollars and eighty-three cents; to J. & R. Wolf, fifty dollars and sixty-eight cents; to Danl. Johnston, judgment in his favor, in United States Court, amounting, interest and costs, seventy dollars and thirty-four cents; and to Russell Ball & Co., as by document marked F, three hundred and eighty-two

EASTERN DIS.
March, 1833.

dollars and twenty-four cents; and it is further ordered, that the balance of the proceeds of the sale, be paid to the defendant, Edmondson, the plaintiffs paying costs in both courts.