Baldwin & Co., &c., v. Crow, &c.

CASE 90—PETITION EQUITY—FEBRUARY 14.

# Baldwin & Co., &c., v. Crow, &c.

### APPEAL FROM JESSAMINE CIRCUIT COURT.

1. UNRECORDED MORTGAGES.—Deeds of trust and mortgages, though un-recorded, are valid against purchasers and creditors with notice. Therefore, the holder of an unrecorded mortgage upon personal prop-erty upon which another creditor of the mortgageor has, subsequent to the execution of the mortgage, levied his execution, may, *at any time before the sale* under the execution, give notice to the execution cred-itor of his mortgage and arrest the sale, and enforce his mortgage lien in preference to the lien acquired by the levy of the execution.

2. CONDITIONAL SALES.—In determining whether a contract is to be re-garded as a conditional sale or a mortgage, the particular form of the conveyance is unimportant; and as a general rule, whenever a con-veyance, assignment or other instrument transferring an estate is originally intended between the parties as a security for money, whether the intention appears from the same instrument or from any other, it is always considered in equity a mortgage.

   Each of several notes, executed for the purchase price of a piano, recited that the conditions of the sale were that the instrument was to remain the property of the vendor until all the notes were paid, and that in default of payment of any one of them at maturity, the ven-dor should be entitled to the possession of the piano without any lia-bility upon his part to refund any of the purchase money that may have been paid. *Held*—That the contract should be regarded as an absolute sale and mortgage back.

BEN. P. CAMPBELL AND SIMRALL & BODLEY FOR APPELLANTS.

1. In the absence of fraud on third persons, the title on a sale of personal property remains where the parties by their contract have placed it. (Chitty on Contracts, 405-407, and notes; Smith on Personal Prop-erty, 40 and notes; 2 Kent's Com., 497 and notes; Patton v. McCane, 15 B. M., 555; Benjamin on Sales, sec. 320; 2 Kent, 497; Vaughn v. Hopson, 10 Bush, 341; Greer v. Church & Co., 13 Bush, 430.)

2. Notice affects creditors just as much as it does purchasers, and no pur-chaser, whether at private or execution sale, who parts with his money after notice, is a *bona fide* purchaser and within the protec-tion of the law. (Low & Whitney v. Blinco, 10 Bush, 335; Fore-paugh, &c., v. Appold, &c., 17 B. M., 631; Righter v. Forrester, &c., 1 Bush, 278; Morford v. Browning, 2 Ky. Law Rep., 440; Thomas v. Smith, 5 Ky. Law Rep., 768; Vanmeter v. Estill, 78 Ky., 458.)

3. The fact that the vendee is in possession under a conditional sale is not
a fraud on his creditors, and they can not seize the property and sell
it under execution. (Freeman on Executions, section 124; Baylor v.
Smither's Heirs, 1 Litt., 111-113; Barrett v. Pritchard, 13 Am. Dec.,.
449, and notes; General Statutes, page 489, chapter 44, section 4 ;
Shacklett v. Kerchem, 1 Litt., 227; Neal, &c., v. Elliott, 18 Ben. M.,
604.)
4. Appellants have, in any event, a lien superior to that of appellees..
(Scott, &c., v. Baldwin & Co., MS. Op., Sept. 3, 1884.)

WM. CROMWELL on same side.

A lien good as between the parties is good against purchasers from or
creditors of the person creating the lien, if they have notice of it.
before they acquire the legal title. (Lewis v. Melvin, Opinion of
Superior Court, Sept. 21, 1885; Righter v. Forrester,' 1 Bush 285;
Low and Whitney v. Blinco, 10 Bush, 331; Campbell v. Mosby, Litt.
Select Cases, 358; General Statutes, chapter 24, section 10; Barney
& Smith M'f'g Co. v. Hart, Receiver, 8 Ky. Law Rep., 223; 1 Statute
Laws, 432, 437, 448; Graham v. Samuel, 1 Dana, 166; Morton v.
Robards, 4 Dana, 258; 3 Statute Laws, 143; 3 Statute Laws, 144;
Bailey & Carter v. Welch, 4 B. M., 244; Zaring v. Cox's Assignee,.
78 Ky., 529; Hoe & Co. v. Bullock, MS. Op., October 2, 1880; Helm
v. Logan's Heirs, 4 Bibb, 79.)

BRONAUGH & BRONAUGH for appellees.

Where there is a sale and delivery of personal property, the property may
be seized and sold for the vendee's debts, notwithstanding an agree-
ment between the vendor and vendee that the ownership should
remain in the vendor until the purchase price should be paid. (Rose
v. Story, 1 Pa., 190; s. c., 44 Am. Dec., 128; Vaughn v. Hopson, 10
Bush, 341; Greer v. Church & Co., 13 Bush, 434; Hoak v. Linde-
man, 64 Pa. St., 499; s. c., 3 Am. Rep., 613; Stadtfield v. Huntsman,
92 Pa. St., 53; s. c., 37 Am. Rep., 661; Brunswick & Balke Co. v.
Hoover, 95 Pa. St., 508; s. c., 37 Am. Rep., 664.)

JUDGE LEWIS delivered the opinion of the court.

Baldwin & Co. instituted this action to recover of
the sheriff a piano levied on as the property of one
Dennis, under an execution against him in favor of
Crow. And the law and facts having been submitted
to the court, it was adjudged the property was subject
to the execution, and that the action be dismissed. It

appears that several years subsequent to the date of
the judgment in favor of Crow, the piano was deliv-
ered to Dennis, who executed therefor to Baldwin &
Co. three notes for one hundred and fifty dollars each,
payable in six, twelve and eighteen months, and con-.
taining the following provision: "This note is of a
series given for the purchase of the instrument men-
tioned below, the conditions of which purchase are, that
said instrument remains the property of D. H. Baldwin
& Co. until all notes given for the instrument are paid,
and in default of payment of any of said notes at
maturity, or at any time after such default, before ac-
cepting payment of amount thus due, or in case said
instrument, before payment in full, is removed from
Nicholasville, Kentucky, without written consent of
D. H. Baldwin & Co., they may receive possession of
said instrument without any liability on their part
to refund any money previously paid on account of
said purchase. Loss in case of fire to be borne by me.
A. J. Dennis."

In determining whether a contract is to be regarded
as a conditional sale or mortgage, "the particular form
or words of the conveyance are unimportant; and it
may be laid down as a general rule, subject to few ex-
ceptions, that whenever a conveyance, assignment or
other instrument transferring an estate is originally
intended between the parties as a security for money,
or for any other incumbrance, whether the intention
appear from the same instrument or from any other, it
is always considered in equity a mortgage." (Story's
Equity, section 1018.)

It is manifest the object of the contract under con-

sideration was to secure payment of the agreed purchase price, and it should, therefore, be regarded as an absolute sale and mortgage back, and such has been the uniform ruling of this court in similar cases. (Greer v. Church, 13 Bush, 430 ; Barney & Smith M'f'g Co. v. Hart, 8 Ky. Law Rep., 223.) To decide otherwise in this case would give validity to conditions in the contract which no court of equity could consistently enforce. If, then, this action had been against Dennis, who acquired the legal title as well as possession of the piano, the plaintiffs could not have recovered it. But it seems he, having paid no part of the consideration, voluntarily surrendered to them whatever claim or title he had. Consequently, the single issue now involved may be passed on as, without objection to the form of action, was done in the lower court, and the rights of the parties, Dennis not being one, ascertained and determined as the record stands. We will, therefore, consider the question whether a lien upon personal property, secured by an unrecorded mortgage, of which a contesting creditor of the mortgageor had no notice until after his execution was levied, can be enforced in preference to that acquired by the levy, if asserted before a sale by the officer. The decision of that question depends upon the construction of section 10, chapter 24, General Statutes, as follows: "No deed of trust or mortgage conveying a legal or equitable title to real or personal estate shall be valid against a purchaser for a valuable consideration without notice thereof, or against creditors, until such deed shall be acknowledged or proved according to law and lodged for record." If the inquiry whether, by that section,

creditors generally were intended to be affected by notice of such conveyances and transfer of property to debtors in the same way and to the same extent as purchasers, was an original one, there would, looking alone to the language used, be some difficulty in reaching a satisfactory conclusion. But there is no reason whatever that a creditor, whose debt has been created prior to the conveyance, as was that of appellee, Crow, and who has not been defrauded or injured thereby, should occupy a better attitude than a purchaser with notice. However, the question before us is rather how the section has heretofore been construed and applied by this court, than how it should now be. For, as section 4 of the act of 1820, M. & B., 449, and section 11, chapter 24, Revised Statutes, having the same general purpose, and substantially the same in phraseology, have each been passed on and construed from time to time, it is to be presumed the statute as it now exists was intended to conform to such judicial construction.

In Helm v. Logan's Heirs, 4 Bibb, 78, decided in 1815, it was held "that a purchaser under execution is not affected by his notice of a mortgage which was not recorded, and, therefore, void as to creditors."

On the contrary, in Campbell v. Mosby, Litt. Select Cases, 358, a majority of the court decided that the equity of the holder of a bond for a conveyance was superior to the title of a purchaser under execution with notice, and also that the equity of the purchaser by unrecorded deed was superior to, and would prevail in a contest with, the general creditor or a subsequent purchaser under execution with notice.

But in Graham v. Samuel, 1 Dana, 166, the principle

decided in Helm v. Logan was sustained, and Campbell v. Mosby overruled.

In Morton v. Robards, 4 Dana, 258, however, where the contest was between the vendee claiming under an unrecorded deed and a creditor and purchaser under execution, the court, upon a full review of those cases and comparison of them with the English decisions on the subject of registration of deeds, adopted the opinion expressed in Campbell v. Mosby. In that case it was said an unrecorded deed is evidence of a purchase for a valuable consideration, and, therefore, of an equity at least equal to a bond for title, and that the only advantage a general creditor may acquire under the statutes is the privilege of arming himself with the legal title, and with all the legal as well as equitable advantages which it may afford him in a contest with the prior equity. But in all such cases, when the legal title is acquired with notice of a pre-existent equity, it will be made to yield to the prior equity in a court of chancery.

The case of Righter, &c., v. Forrester, &c., 1 Bush, 278, was where a mortgage of real estate was prior in date to the execution, but was not recorded or lodged for record in the county where the land was situated until after the levy and shortly before the sale. But the admission of the deed to record was treated as equivalent to notice to the creditor as well as purchaser at the sale. And referring with approval to the principle decided in Morton v. Robards, it was held by the court, that although the mortgage was, before being recorded, inoperative as a legal conveyance of the title, it was effective to invest the mortgagees with an

equity in the land, and between them and the purchaser at the execution sale the question was one of priority of equity, and the purchaser with notice acquired but an equitable interest subject to that of the mortgagees.

In Low & Whitney v. Blinco, 10 Bush, 331, the question involved the construction of section 9, chapter 24, Revised Statutes, and the same as section 8, chapter 24, General Statutes, and is as follows : " No deed conveying any title to or interest in land for a longer time than five years, * * shall be good against a purchaser for a valuable consideration not having had notice thereof, or *any creditor*, unless the same be acknowledged by the party who shall execute the same, or be proved or lodged for record in the proper office as provided by law." In that case the deed, though executed by the debtor before the execution, was not recorded nor lodged for record until after the levy on the land. But in the contest between the vendee and creditor, who was also purchaser at the execution sale and received a deed from the sheriff, the judgment of the lower court in favor of the former was affirmed. And in the opinion it was said, " that notice to the creditor at any time before he may purchase affects his conscience, and he may be compelled in obedience to the equity evidenced by the bond or unrecorded deed to transfer the legal title to the party against whom he ought not in good conscience to hold it."

The radical and irreconcilable difference between the two cases of Helm v. Logan's Heirs and Morton v. Robards, is, that in the former it was decided an unrecorded conveyance was, as to a creditor of the grantor

or mortgageor, to be held fraudulent and void, whereas, in the latter the principle was announced that though such an instrument did not operate to pass the legal title, it was evidence of an equity paramount to that acquired by a levy or sale with notice to the creditor and purchaser. In every case decided by this court since the opinion was rendered in Morton v. Robards, where the question arose, whether involving the construction of the section last quoted or the one under consideration in this case, the distinction taken in that case between the legal character and effect of an unrecorded conveyance and the equity of the holder thereof has been recognized and applied. In Halley v. Oldham, 5 B. M., 233, the question was whether a purchaser of land at an execution sale, without notice to him or the creditor of a prior executory contract between the debtor and another for the sale of the same land, is to lose his purchase by having notice before he has received a deed from the sheriff, but after he has paid the money or executed a bond for it having the force of a judgment. And the ruling in that case differs from that in Morton v. Robards only in regard to the time when a purchaser ceases to be affected by notice. In the latter case it was virtually decided that he was liable to be so affected at any time before he actually receives a deed conveying the title, while in the other case this language was used : "In view of the statute, the land belongs to the person holding the legal title, and is subject to the payment of his debts. It is not the statute, but the court of equity, which withdraws it from this subjection to answer a prior equity. And we decide that such prior equity, if kept secret until

after the execution sale is complete in its principal objects of paying or securing the judgment, can not be brought forward with the effect of intercepting the purchaser's title or wresting it from him." But it is not intimated in that opinion that the purchaser would not be affected by notice of such prior equity, given before he has paid the money or secured the judgment. On the contrary, the power of a court of equity to withdraw property subject to execution to answer a prior equity, whether evidenced by bond for title or unrecorded conveyance, is distinctly recognized as not inconsistent with the general purpose of the statute. The question involved in this case did not arise in Barney & Smith M'f'g Co. v. Hart, 8 Ky. Law Rep., 223, nor was it intended to there decide differently from the views here expressed.

The clear and necessary implication from the language of section 10 is, that deeds of trust and mortgages of real and personal estate, though unrecorded, are not void but valid against purchasers at sale under execution as well as private sale when notice has been given. And that being the case, it would seem to be the intention that creditors should be likewise, though indirectly, affected by notice; for their attempt to collect debts by execution would be generally abortive, if notice to those about to purchase could prevent a sale. But be that as it may, by the uniform ruling of this court for many years, creditors and purchasers have in that respect been placed on the same footing.

We think, therefore, the plaintiff, after giving notice to the defendant, Crow, of their mortgage on the piano, had the right to arrest the sale under the levy, and the

judgment of the lower court dismissing the action is reversed, and cause remanded for further proceedings consistent with this opinion.