CASE 2—PETITION EQUITY—JANUARY 20.

## Welch v. National Cash Register Co.

APPEAL FROM MADISON CIRCUIT COURT.

1. UNRECORDED CHATTEL MORTGAGES—INNOCENT PURCHASERS.—An unrecorded mortgage can not affect purchasers for value, who have acquired a legal title without notice of its existence.

2. CONTRACTS—SALES—MORTGAGES.—A contract of sale of personal property providing that the title thereto shall not pass until the same is paid for in full, is only a mortgage.

T. J. COYLE FOR APPELLANT.

1. Appellee having sold the cash register to Weckerser, and he having sold same to appellant, Welch, for a valuable consideration, Welch having no notice of appellee's unrecorded lien, appellees lost their lien on the property in Welch's hands. Ford & Warren v. Sproule, 2 Marshall, 533; Vaughn v. Hopson, 10 Bush, 338; Baldwin & Co. v. Crow, &c., 86 Ky., 679.

W. S. MOBERLY FOR APPELLEE.

(No brief in the record.)

JUDGE WHITE DELIVERED THE OPINION OF THE COURT.

In May, 1894, the appellee, the National Cash Register Company, sold to F. Weckerser, a cash register at the price of $200, of which sum was $30 was paid cash and for the balance due, notes were executed, payable monthly, two of which notes were paid. In the order for the machine which

was signed by Weckerser there appears this clause: "It is agreed that the title of said cash register shall not pass until the same is paid for in full, and shall remain your property until that time." This order bears date May 18, 1894.

The notes executed for the deferred payments on the machine all bear date of June 4, 1894. In December, 1894, appellant purchased the cash register from Weckerser, and at that time paid for same the agreed price, $150, and was in the possession of same, when on March 19, 1895, appellee brought suit against Weckerser, seeking to foreclose their mortgage on the cash register as by the order they claimed to have. After the original petition was filed, an amendment was filed making appellant a party, alleging that he had bought or come into possession of the cash register, with full knowledge of appellee's rights and asked that appellant be compelled to produce the cash register and for an enforcement of the mortgage lien. Appellant by answer averred that he owned the cash register and had bought it from Weckerser and denied that he had any knowledge or information that appellee had any lien, but avowed that he had made inquiry at the time of purchase and was informed there was no lien. Plead that the written order, which appellee asserted to be a mortgage was never recorded or proved or lodged for record in Madison county or elsewhere, but said he, appellant, was an innocent purchaser for value, without any notice of appellee's lien, either actual or constructive. By reply this was all denied, except as to the recording of the contract. The proof taken was of appellant and Weckerser.

Neither of these witnesses say that appellant had notice

of this lien or claim of appellee, but on the contrary, appellant testifies that he made inquiry at the time as to whether there was a lien and was informed there was not any. Weckerser testified as a witness for appellee and stated that; he told appellant at the time of the sale to appellant that he "didn't know of any mortgage, that he hadn't signed any, and that there was no mortgage at the court house," and this witness testified that he did not know of the clause in the contract, *supra*, till the day he gave his deposition. Under this proof, and it was all there was, it must be held that appellant was an innocent purchaser without notice of appellee's lien, and as this lien was not recorded, it can not be superior to appellant's purchase. It is well settled that an unrecorded mortgage can not affect purchasers for value, who have acquired the legal title without notice of its existence. That contracts of this kind are only mortgages is equally well settled in this State and was so held by the circuit court in this case.

Wherefore, for the reasons given, the judgment subjecting the machine to sale, is reversed and cause remanded, with directions to render judgment dismissing this action in so far as appellant, S. E. Welch, Jr., is concerned.