## JOHN VAN RANGE CO. v. MEADE.

Circuit Court of Appeals, Sixth Circuit.
July 10, 1928.

No. 5011.

1. Chattel mortgages ⊙⟹139—Recording of conditional sales contract covering goods ordered, but not identified or delivered, held not constructive notice to subsequent mortgagees of buyer (Ky. St. § 496).

Recording of contract or order for restaurant furnishings and equipment, listing articles sold and stipulating that the title should not pass until entire purchase price was paid, *held* not constructive notice to buyer's subsequent mortgagees of seller's claim to goods shipped after the contract was recorded, where it was not shown that at the time of recording the property had been set aside, or marked, or identified, since the recorded instrument conveyed neither legal nor equitable title, under Ky. St. § 496, and unrecorded instrument in writing does not give notice to subsequent purchasers under Kentucky law, under which title reserving contracts are held to be contracts of sale with a mortgage back.

2. Sales ⊙⟹459—Legal title to goods sold conditionally does not pass before delivery, where contract is made equivalent to sale with mortgage back.

Under state law making title-reserving contracts equivalent to contracts of sale with mortgage back, legal title to goods sold conditionally does not pass until actual delivery to buyer.

Appeal from the District Court of the United States for the Eastern District of Kentucky; Andrew M. J. Cochran, Judge.

Suit by the John Van Range Company against William Meade. From an adverse judgment, the John Van Range Company appeals. Affirmed.

Dysard & Miller, of Ashland, Ky., and Beebe, Borsch & Murphy, of Cincinnati, Ohio, for appellant.

Simeon S. Willis, of Ashland, Ky., for appellee.

Before DENISON and MOORMAN, Circuit Judges, and TUTTLE, District Judge.

MOORMAN, Circuit Judge. On February 17, 1925, Abrams purchased from the appellant company, of Cincinnati, Ohio, under written contract entered into in that city, some furnishings and equipment for a restaurant. Three days later the contract was recorded as a chattel mortgage in Boyd county, Kentucky, where Abrams resided; the equipment was not delivered to him in that county until shortly after March 1st. Thereafter Abrams placed other mortgages on the equipment, and later was adjudged a bankrupt. Appellant claimed a lien on the equipment as against these mortgages for the balance of the purchase price. Its claim was disallowed.

The contract was written on what appear to be order sheets of the appellant company. It shows on its face that the equipment was "sold to Frank Abrams," and was to be shipped to Ashland, Ky., by boat. The sale price was $3,212.68, of which amount 10 per cent. was paid in cash, 10 per cent. to be paid on delivery, and the balance in monthly installments, beginning April 1st. The articles sold were listed in the contract; as to some of them, there were given what seem to be the stock numbers, and as to others their dimensions. The contract or "order," as it was denominated by the parties in the writing, was accepted "subject to the approval of the home office of the John Van Range Company," and it was stipulated that the title to the goods should not pass to the purchaser until the entire purchase price was paid, and that "this order is not subject to cancellation."

[1, 2] Title reserving contracts are held in Kentucky to be contracts of sale with a mortgage back. Baldwin & Co. v. Crow, 86 Ky. 679, 7 S. W. 146. It is also settled in that state that the recordation of an unrecordable instrument of writing does not give notice thereof to subsequent purchasers or mortgagees for value. Spalding v. Paine, 81 Ky. 416. The lower court held that this writing was not a chattel mortgage when recorded, but was an order for merchandise, or, at most, a mere executory agreement for the future sale and delivery of unidentified personal property, and that, as there is no provision in the Kentucky law for recording executory contracts for the sale of personal property, the recording of this writing gave the seller no lien on the property as against subsequent mortgagees for value.

The only law under which chattel mortgages may be recorded in Kentucky is section 496 of the Kentucky Statutes, which provides that "no deed or deed of trust or mortgage conveying a legal or equitable title to real or personal estate shall be valid against a purchaser for a valuable consideration, without notice thereof, or against creditors, until such deed or mortgage shall be acknowledged or proved according to law and lodged for record."

Appellant undertook in the contract to retain the title to the equipment in itself. This it could not do in Kentucky; whether it did so, so long as the goods were in Ohio, we need not decide. The legal title certainly did not pass, under the Kentucky law, until there was an actual delivery to the buyer. Such delivery was to be effected at Ashland, Ky., and was not effected until after the writing was put to record. At the time, therefore, that the writing was put to record, there had been no transfer of the legal title. The statute, however, does not deal alone with deeds conveying legal titles, but deals, also, with deeds conveying equitable titles. So if it were proved, or could be proved, that the property listed in the writing was so set aside and marked, at the time the contract was made, that it could have been identified as Abrams' property, there might be some ground for saying that the bankrupt acquired the equitable title, of which there was a mortgage back, which made the contract at once recordable.

From this latter viewpoint, appellant, however, failed in its proof, if, indeed, the requisite proofs could have been made. We doubt that they could, for nothing appears in the contract or proofs to distinguish these articles from many others of the same kind which appellant evidently had in stock. What appellant did, apparently, was not to sell any specific articles, but to sell certain kinds of articles to be taken from its stock, which it later put together and shipped. Besides there was not an actual sale at the time the contract was made, but the acceptance of an order subject to the approval of the home office. Approval may, it is true, be inferred

from the shipment of the goods; but, even so, it was not shown that the goods were shipped by February 20th, when the mortgage was recorded. In its proof of claim appellant stated that the goods were sold on March 6th, which appears to be the date on which they were shipped from Cincinnati, or the date of delivery at Ashland. The result is, we think, that the equitable title had not passed on February 20th, and, as the writing was not then recordable, the putting of it to record was not notice to subsequent mortgagees.

Affirmed.