## In re DRAUGHN & STEELE MOTOR CO.

District Court, E. D. Kentucky, at Covington. Feb. 28, 1931.

Willis W. Reeves, of Hazard, Ky., and Grover C. Thompson, of Lexington, Ky., for trustee.

Napier & Eblen, of Hazard, Ky., for Commercial Inv. Trust Corporation.

ANDREW M. J. COCHRAN, District Judge.

This proceeding is before me on petition for review, filed by the trustee, complaining of an order of the referee adjudging that a certain Dodge roadster, in the possession of the bankrupt at the time of its institution, was the property of the Commercial Investment Corporation, and that it have immediate possession of same. The corporation filed an intervening petition asserting title to the auto under a trust receipt executed by the bankrupt to it to secure its time draft for the sum of $804.96 executed simultaneously with the trust receipt. Possibly its petition should be construed as only asserting a lien on the auto and seeking to have it enforced. I do not find it necessary to go into the question as to the validity of an unrecorded trust receipt given to secure a debt as against general creditors, for I feel sure that in this state it is not valid. It is to be taken that under the law thereof such a document is a mortgage, and that therefore, by virtue of section 496, Kentucky Statutes, it cannot prevail over general creditors. It is well set-

tled in this state that a conditional sale is a mortgage. To change a conditional sale into a mortgage calls for no greater wrench than to so change a trust receipt.

In the case of In re James, Inc. (D. C.) 30 F.(2d) 551, in the lower court the trust receipt there involved was held to be a conditional sale. On the appeal in Re James, Inc. (C. C. A.) 30 F.(2d) 555, 557, it was said: "The practice of a conditional sale bears some resemblance to a trust receipt."

In the case of In re Bettman-Johnson Co. (C. C. A.) 250 F. 657, 663, in speaking of the trust receipt, there involved, it was said: "We do not deem it necessary to analyze and distinguish the reported cases, or attempt a precise definition of the banker's title acquired in such transactions, for the reason that, in view of the contractual relations of the parties, if the transaction under consideration does not disclose all of the elements of a conditional sale, it is at least so far in the nature of a conditional sale as to fall within the terms of the Ohio statute."

In this state there is no statute requiring the recordation of conditional sales. The statute only requires the recordation of mortgages. But, as a conditional sale is construed to be a mortgage, the statute applies to them as much so as if they had been expressly mentioned. To hold, therefore, that the trust receipt here involved is a conditional sale is to bring it within the statute. The ground upon which a conditional sale is held to be a mortgage is that it is an attempt to evade the recording statute.

In the case of Greer v. Church, 13 Bush (Ky.) 430, a document in the form of a renting contract was held to be a sale. The court said: "The well-defined policy of the law is to have as few secret liens and claims upon property as possible, that the title may be readily and safely transmitted from one to another. This is in the interest of trade as well as opposed to fraud and collusion. Registration laws have been provided which furnish ample and cheap facilities for securing liens, and at the same time enable the vigilant to protect themselves, especially in a case like this, from imposition and fraud. There is therefore no hardship in holding that all persons shall comply with those laws, or suffer the consequences of the failure to do so."

In the case of Barney & Smith v. Hart (Ky.) 1 S. W. 414, 416, in denying priority to a conditional sale it was said: "To so hold would be to disregard the plain provisions of the statute, enacted to prevent fraud, and protect the rights of creditors and purchasers; and, as said by this court in the case of Greer v. Church, 13 Bush, 430, the title in such cases will be treated as being where the nature of the transaction requires it should be."

In the case of Baldwin v. Crow, 86 Ky. 679, 7 S. W. 146, 147, in speaking of a conditional sale, it was said: "It is manifest the object of the contract under consideration was to secure payment of the agreed purchase price, and it should therefore be regarded as an absolute sale and mortgage back."

Later expressions of the Court of Appeals of Kentucky of its attitude towards unrecorded instruments intended to secure payment of an indebtedness might be cited. But these suffice to show what that attitude is. If, then, the trust receipt here involved is a conditional sale, it is a mortgage. If it is not and should be characterized as something else than a mortgage, the principle which requires a conditional sale to be treated as a mortgage requires it to be so treated.

But really there is no difficulty in the way of holding it to be a mortgage. In the case of In re James, Inc. (C. C. A.) 30 F. (2d) 555, it seems to have been held that the trust receipt there involved was not a mortgage, because the holder thereof did not acquire title from the debtor, the creator of the trust. Here the respondent acquired title from the bankrupt and could not have acquired it in any other way. Its petition alleges that the roadster was shipped to the bankrupt. This I take to mean that the bill of lading was in its name. If so, no one could have gotten title to it except through it, and the petitioner must have gotten title thereto in this way. The petition also alleges that the bankrupt paid 15 per cent. of the purchase price due to the manufacturer. It was entitled to have something to show for this payment, and the only thing which it could so have was title to the roadster subject to a lien in favor of the petitioner for the amount advanced by it. The true nature of the transaction was this. On the payment of the purchase price to the bank, the title passed from the manufacturer to the bankrupt and from it to the petitioner. Had nothing further transpired, the petitioner would have held the bill of lading and the roadster as security for the amount advanced by it on the purchase price. The title thereto would have come to the bankrupt. On the delivery of the bill of lading to the bankrupt in return for the trust receipt and the

time draft, the latter took the place of the bankrupt's liability for such advancement, and the trust receipt took the place of the lien to secure it.

The cases of Glass v. Cundiff & Longest, 167 Ky. 760, 181 S. W. 638, In re Reynolds (D. C.) 203 F. 162, and Mitchell Wagon Co. v. Poole (C. C. A.) 235 F. 817, relied on by the respondent, are not in point. Each was a case of bailment for sale. In neither of them was there any liability on the part of the bailee to the bailor to secure which the bailor retained title. Here the respondent held title as security for the time draft. It terms its title a "security title." In the first case the complaining creditor was an antecedent creditor who had no standing under section 496.

The result is that the roadster in question is a part of the assets of the bankrupt free from any claim on the part of the respondent under its trust receipt.

The order of the referee is reversed, and the cause is remanded for further proceedings in accordance herewith.