KNAPP et al. v. MILWAUKEE TRUST CO. et al.

(Circuit Court of Appeals, Seventh Circuit. April 14, 1908. Rehearing denied June 4, 1908.)

Nos. 1,422, 1,425.

1. BANKRUPTCY—ORDERS—MODE OF REVIEW.

Where a bankrupt's creditor answered his trustee's petition to sell certain chattels and claimed chattel mortgage liens thereon, an order holding the chattel mortgages void was reviewable by appeal.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 915.]

---

[1] Act July 1, 1898, c. 541, 30 Stat. 544, 549 (U. S. Comp. St. 1901, pp. 3418, 3425).

2. CHATTEL MORTGAGES—VALIDITY—POWER OF SALE—RETENTION BY MORT-
GAGOR.

Under the Wisconsin law, a chattel mortgage allowing the mortgagor
to dispose of the avails of the mortgaged property and appropriate the
same to his own use, provided only that the interest on the bond secured
was paid and a sinking fund amounting to $500 per quarter, or $2,000
per annum, is provided for, and declaring that, when the mortgagee
shall consent to waive the requirements as to the sinking fund, then
the mortgagor shall keep up the interest on the bond secured and may
apply all the balance of the proceeds to his own uses and purposes, is
void.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Chattel Mortgages,
§§ 393–401, 410.]

3. BANKRUPTCY—REVIEW—QUESTIONS NOT RAISED AT TRIAL.

Where the capacity of a bankrupt's trustee to sue on account of al-
leged defects in the petition and proofs on which the adjudication of
bankruptcy was made was not challenged at the trial, such question
could not be raised on appeal.

[Ed. Note.—Appeal and review in bankruptcy cases, see note to In
re Eggert, 43 C. C. A. 9.]

4. SAME—WANT OF JURISDICTION.

On appeal from a District Court's decree in a controversy arising in
bankruptcy proceedings, the only want of jurisdiction available to appel-
lant, when raised for the first time in the Court of Appeals, is the Dis-
trict Court's want of jurisdiction to render the decree appealed from.

On Rehearing.

5. SAME—APPEAL TO SUPREME COURT—FINDINGS BY CIRCUIT COURT OF AP-
PEALS.

General Bankruptcy Order 36, § 3 (89 Fed. xxxvi, 32 C. C. A. xxxvi),
declaring that, in every case in which either party is entitled by the act
to appeal to the Supreme Court of the United States, the court from
which the appeal lies shall, at or before the time of entering its decree,
make and file a finding of the facts and its conclusions of law thereon,
stated separately, and that the record to the Supreme Court on such
appeal shall consist only of the pleadings, judgment, findings of fact,
and conclusions of law, does not require a Circuit Court of Appeals of its
own motion to ascertain and determine in advance of its decision wheth-
er a question is raised on which a party is entitled to the allowance of an
appeal to the Supreme Court, but such right, if claimed, should be called
to the court's attention in advance of decision, by a request for findings
in the event of an adverse ruling on the question claimed to be appealable.

Appeal from, and Petition to Review and Revise Order of, the Dis-
trict Court of the United States for the Eastern District of Wisconsin.

Mark Breeden, Jr., for appellants.
A. W. Fairchild, for appellees.

Before BAKER, SEAMAN, and KOHLSAAT, Circuit Judges.

PER CURIAM. On petition of creditors the Standard Telephone
& Electric Company was adjudged a bankrupt. Knapp, on coming
into court to answer the trustee's petition to sell, claimed chattel mort-
gage liens on part of the estate in the hands of the trustee. The trus-
tee contended that the chattel mortgages were void, and the court so
found. Knapp has appealed, and has also filed a petition to review
and revise. The petition is dismissed, as the matter is properly re-
viewable on appeal.

The mortgages were clearly void for the reasons set forth at large in the opinion of the district judge. In re Standard Telephone & Electric Co. (D. C.) 157 Fed. 106.

Appellant insists that the decree in this litigation between him and the trustee must be held void on account of alleged defects in the petition and proofs on which the adjudication of bankruptcy was made. No challenge of the trustee's capacity was made before or during the trial in the court below, and so no ruling was made which appellant can bring before us for review. He claims, however, that it is a question of want of jurisdiction in the District Court. The only want of jurisdiction which appellant would have the right to require us to look into would be the District Court's want of jurisdiction to render the decree appealed from. This decree is of the class the District Court has authority to enter. The parties to this decree are of the class the District Court has authority to hear. The District Court's jurisdiction to enter this decree was no more dependent than a state court's would have been, upon the rightful appointment of the trustee.

The decree is affirmed.

### On Rehearing.

No matters are presented in the petition for a rehearing that were not fully considered on the original hearing, and the petition is therefore denied.

The appellant has petitioned that, in the event a rehearing is denied, this court will prepare a special finding of facts and thereupon state its conclusions of law in order that appellant may prosecute an appeal from this court to the Supreme Court of the United States.

Sections 2 and 3 of Order 36 of the General Orders in Bankruptcy (89 Fed. xxxvi, 32 C. C. A. xxxvi), promulgated by the Supreme Court, read as follows:

"Sec. 2. Appeals under the act to the Supreme Court of the United States from a Circuit Court of Appeals, or from the Supreme Court of a territory, or from the Supreme Court of the District of Columbia, or from any court of bankruptcy whatever, shall be taken within thirty days after the judgment or decree, and shall be allowed by a judge of the court appealed from, or by a justice of the Supreme Court of the United States.

"Sec. 3. In every case in which either party is entitled by the act to take an appeal to the Supreme Court of the United States, the court from which the appeal lies shall, at or before the time of entering its judgment or decree, make and file a finding of the facts, and its conclusions of law thereon, stated separately; and the record transmitted to the Supreme Court of the United States on such an appeal shall consist only of the pleadings, the judgment or decree, the finding of facts, and the conclusions of law."

The decree of this court was rendered on April 14, 1908. Whether the subject-matter of this controversy makes a case that is appealable to the Supreme Court under subdivision "b" of section 25 of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3432]), and whether it is too late in any event to take the appeal under section 2 of the General Order above quoted, are questions that would have to be considered should an allowance of an appeal hereafter be asked. At this time it is enough to say that we do not understand that section 3 of General Order 36 intends that a Cir-

cuit Court of Appeals shall, of its own motion, ascertain and determine in advance of its decision upon an appeal in bankruptcy, whether a question is raised upon which a party is entitled to allowance of an appeal to the Supreme Court. If such right is claimed, it should be called to attention, as we believe, in advance of decision, with request for findings in the event of adverse ruling upon the question alleged to be appealable. Whether findings of fact and conclusions of law are to be made and filed in this case, nunc pro tunc as of the date of such decree, can be determined if and when application for appeal to the Supreme Court is made and allowed.