CITY OF CHICAGO v. TROY LAUNDRY MACHINERY CO.

(Circuit Court of Appeals, Seventh Circuit.   April 14, 1908.)

No. 1,437.

1. APPEAL AND ERROR—REVIEW—BILL OF EXCEPTIONS—SUFFICIENCY.
   An assignment that the court erred in overruling defendant's motion, made at the close of all the evidence, to take the case from the jury, cannot be reviewed, where the bill of exceptions neither recites nor otherwise shows that it contains all the evidence.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 2911–2915.]

2. TRESPASS—UNDERMINING LAND—PROXIMATE CAUSE.
   In 1887 defendant city constructed a tunnel, 55 feet below the surface, across the lands in controversy, and on the completion of the tunnel began to pump water through it and continued to do so. In 1903 the owner erected a building on the land which he leased to plaintiff. In the preparation of the foundation a number of piles penetrated the tunnel, and after plaintiff took possession the flowing water carried away the soil so that the building sank. Defendant never obtained any right to enter or be on the land for any purpose from the owner or plaintiff, and neither knew of the tunnel until the damage was done. Held, that the forcing of water across the land was a continuing trespass and constituted the proximate cause of the injury, for which plaintiff was entitled to recover.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trespass, § 8.]

In Error to the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois.

Frank L. Childs and George W. Miller, for plaintiff in error.

Horace Kent Tenney and Henry W. Wolseley, for defendant in error.

Before BAKER, SEAMAN, and KOHLSAAT, Circuit Judges.

BAKER, Circuit Judge.   Defendant in error, plaintiff below, recovered judgment for damages caused by the undermining of its premises by water escaping from one of defendant's water tunnels.

The assignment that the court erred in overruling defendant's motion, made when the evidence was all introduced, to take the case away from the jury, cannot be considered, for the bill of exceptions neither recites nor otherwise shows that it contains all the evidence.   But defendant really has lost nothing, because under assignments respect-

ing the admission of evidence and the giving of instructions the propositions on which defendant relies for reversal are presented.

The exceptions were to rulings that plaintiff was entitled to recover on the following state of facts: In 1887 defendant built the tunnel, about 55 feet below the surface, across the lands of one Winterbotham, who continued to be the owner. On completion of the tunnel defendant began to pump water through it, and continued to do so until the damage in suit was done. In 1903 the owner erected a building and leased it to plaintiff. In the preparation of the foundation a number of piles penetrated the tunnel. After plaintiff was in possession, the flowing water carried away the soil so that the building sank. Defendant never obtained from the owner or from plaintiff or from any one any right to enter or be upon the lands for any purpose. Neither the owner nor plaintiff knew of the tunnel until after the damage was done.

Defendant's propositions are: (1) That the only trespass shown was committed before plaintiff's tenancy began, and therefore defendant was answerable to the owner alone; and (2) that the trespass was not the proximate cause of the injuries complained of. Both involve the same mistake of fact. The trespass with shovel and trowel in 1887 was not the only trespass. That trespass appears as a mere historic incident in the case. The unlawful building of the tunnel gave defendant no right in the land. The forcing of water across the land was unlawful, whether with a tunnel or without a tunnel, whether pumped in 1887 or in 1903. In 1887 the unlawful act occasioned no injury. In 1903 defendant, by its act of pumping water across plaintiff's leasehold, carried away plaintiff's soil and undermined its building. Every pulse of the water was a trespass just as much as if defendant was carrying the dirt away with shovels. And this trespass was the proximate cause, legally the sole cause, for the innocent act of the owner in driving piles cannot be used as a shield by defendant any more than could the innocent acts of the bystanders in the squib case. Scott v. Shepherd, 2 W. Bl. 192.

Argument, without any assignment of error on which to base it, is made that the declaration is fatally defective. The declaration was based with sufficient certainty upon the theory of liability herein sustained.

The judgment is affirmed.