## CRUCIBLE STEEL CO. OF AMERICA v. HOLT.

(Circuit Court of Appeals, Sixth Circuit. November 16, 1909. On Rehearing, December 27, 1909.)

1. SALES (§ 474*)—CONDITIONAL SALES—EFFECT OF FAILURE TO RECORD CONTRACT—KENTUCKY STATUTE—"CREDITORS."

In Ky. St. 1903, § 496, providing that, until recorded, chattel mortgages shall not be valid against a purchaser for a valuable consideration without notice thereof, or against "creditors," and which applies also to contracts of conditional sale, the word "creditors," as construed by the state Court of Appeals, does not include general creditors, but only such as have acquired a lien.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1397; Dec. Dig. § 474.*

For other definitions, see Words and Phrases, vol. 2, pp. 1713–1727; vol. 8, pp. 7622, 7623.]

2. BANKRUPTCY (§ 184*)—PROPERTY VESTING IN TRUSTEE—PROPERTY HELD BY BANKRUPT UNDER CONTRACT OF CONDITIONAL SALE.

Title reserved by a contract of conditional sale, which, although unrecorded, is good as against the purchaser and his general creditors under the laws of the state, is also good as against his trustee in bankruptcy, although some of the creditors became such after the date of the contract.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 184.*]

On Rehearing.

3. BANKRUPTCY (§ 468*)—APPEALS TO SUPREME COURT—FINDINGS OF FACT.

General Bankruptcy Order 36, par. 3 (89 Fed. xiv, 32 C. C. A. xxxvi), which provides that, in any case appealable under the act to the Supreme

Court, "the court from which the appeal lies shall, at or before the time of entering its judgment or decree, make and file a finding of the facts and its conclusions of law thereon stated separately," does not require such a finding to be made in any case by a Circuit Court of Appeals, unless requested by a party before the entry of judgment.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 468.*]

Appeal from the District Court of the United States for the Western District of Kentucky.

Suit by the Crucible Steel Company of America against O. G. Holt, trustee in bankruptcy of Davis, Kelly & Co., bankrupts. Decree for defendant, and complainant appeals. Reversed.

K. L. Bullitt, for appellant.
H. H. Nettelroth, for appellee.

Before LURTON, SEVERENS, and WARRINGTON, Circuit Judges.

SEVERENS, Circuit Judge. The controversy between these parties involves the question of the right of the vendor of goods sold by the vendor, the Crucible Steel Company, by a conditional sale to the bankrupt under an agreement that the title was to remain in the vendor until payment of the purchase price. By the law of Kentucky, where the transaction occurred, such a sale amounts to a sale and a chattel mortgage back to the vendor, and is subject to the provisions of the statute of the state concerning the recording of chattel mortgages. The statute reads as follows:

"No deed, or deed of trust or mortgage conveying a legal or equitable title to real or personal estate shall be valid against a purchaser for a valuable consideration without notice thereof, or against creditors until such deeds shall be acknowledged or proved according to law and lodged for record." Ky. St. 1903, § 496.

This contract for a conditional sale was not recorded. Certain parties became creditors of the bankrupt after the date of the contract, but before the filing of the petition in bankruptcy; and it is these parties in whose behalf the trustee makes this contest against the claim of the vendors in the contract of sale of the title and for the possession of the goods. The District Court rejected the claim of the vendor, and denied its petition.

In the case of York Mfg. Co. v. Cassell, 201 U. S. 344, 26 Sup. Ct. 481, 50 L. Ed. 782, the Supreme Court, reversing a judgment of this court, held that the trustee in bankruptcy takes the assets in precisely the same condition and with the like title as that by which they were held by the bankrupt, and further, that the inchoate equity of creditors who had not then secured a lien by some judicial proceeding could not be worked out in their behalf by the trustee in the bankruptcy proceedings. That decision necessarily negatives the application to such a case of the provision of Act July 1, 1898, c. 541, § 67a, 30 Stat. 564 (U. S. Comp. St. 1901, p. 3449), that "claims which for want of record, or for other reasons, could not have been valid liens as against the claims of the creditors of the bankrupt, shall not

be liens against his estate"; and the further provision of section 67b, that "whenever a creditor is prevented from enforcing his rights as against a lien created or attempted to be created by his debtor who afterwards becomes a bankrupt, the trustee of the estate of such bankrupt shall be subrogated to and may enforce such rights of such creditor for the benefit of the estate." Those provisions were not referred to in the opinion of the court, and, of course, their meaning and scope were not defined further than is done by the necessary implication from the decision; but it cannot be supposed they were overlooked. We note that in Thomas v. Taggart, 209 U. S. 385, at page 389, 28 Sup. Ct. 519, at page 520, 52 L. Ed. 845, Mr. Justice Day said:

"The rule is generally recognized that, if the title to property claimed is good as against the bankrupt and his creditors at the time the trustee's title accrued, the title does not pass, and the property should be restored to its true owner."

But when he says, "and his creditors," we must suppose he means creditors who have secured a lien; for he cites York Mfg. Co. v. Cassell.

Accepting, then, the decision in the case of York Mfg. Co. v. Cassell as authoritative, what were the respective rights of the Crucible Steel Company and the bankrupt in the goods in question at the date of the filing of the petition? As between them the mortgage was valid, though not recorded. No creditor had fastened any lien upon them, although several of them were in a condition, and had a right, to do so. These two facts were regarded as decisive by the Supreme Court in the case referred to, and they seem equally decisive here.

In the case entitled In re Doran, 154 Fed. 467, 83 C. C. A. 265, we discussed at some length the meaning and effect of the Kentucky statute relating to the recording of chattel mortgages, and as to whether general creditors are protected thereby; but we felt constrained to abide by the opinion of the Supreme Court in York Mfg. Co. v. Cassell as settling the grounds upon which cases of this sort must be determined. In the Doran Case the chattel mortgage had been filed before the filing of the petition. In the present case it had not. But we cannot perceive that the difference is important. The mortgage was valid as between the mortgagor and the mortgagee, whether recorded or not, and there is no express definition by the statute which extends the meaning of the word "creditors," so as to include general creditors having no lien.

Since the decision in the Doran Case, in which we noticed the apparently conflicting cases in the Kentucky Reports concerning the effect of the statute above quoted, counsel have discovered a case, marked "not to be reported," in 99 S. W. 631, Besten & Langen v. People's Mess., etc., Co., and they refer to a recent case, Swafford's Adm'r v. Asher, 105 S. W. 164, and claim from them it is shown that the Court of Appeals has finally settled the law to be that general creditors who have become such while the mortgage remained unfiled are to be protected. The court below seems to have so held, and some of the language of the judges who delivered opinions in those

174 F.—9

cases seem to favor that construction. But there was no determination by the court which disposes of the uncertainty we encountered in the Doran Case, but notwithstanding which we gathered the impression that the trend of the state decisions was against the contention of the trustee. We think we ought not to overrule our decision without a more positive demonstration that the law of Kentucky is to the contrary of what we there held.

The decree of the court below must be reversed, with direction to order the trustee to surrender the property in question to the petitioner.

### On Rehearing.

Since our opinion was announced and the judgment entered in this case, November 2, 1909, a petition for rehearing has been filed, from which, and a recurrence to the record, it appears that the petitioner did not ask in the court below for the surrender of the possession of the goods in question, but for the enforcement of a lien thereon and a privilege of priority over general creditors in the proceeds of a sale of the goods, in consideration whereof it is apparent that the judgment should not have been for the return of the possession, but should have been a declaration that the petitioner was entitled to prove its claim as a creditor, and was entitled to a lien upon the goods in question for the unpaid purchase money and to the extent of the amount realized, or to be realized, upon the sale thereof, the trustee should accord to the petitioner a lien thereon paramount to the claims of general creditors and make distribution of the proceeds accordingly.

The judgment so entered will therefore be reversed and held for naught; and a new judgment will be entered in the form and to the effect as above indicated to be correct, with costs to the petitioner. The petition for rehearing will in other respects be overruled. But, before the entry of the judgment above directed, the court will, upon the request of the appellee now made, make and file a finding of the facts and conclusions of law as required by Order No. 36 of the General Orders in Bankruptcy prescribed by the Supreme Court (89 Fed. xiv, 32 C. C. A. xxxvi).

We think there was no error in entering the former judgment without a finding of facts and law, none having been requested. We agree with the Circuit Court of Appeals for the Seventh Circuit in holding, as it did in Knapp v. Milwaukee Trust Co., 162 Fed. 678, 679, 89 C. C. A. 467, that the third paragraph of General Order 36 does not require such findings to be made without request, but is intended to give the party a right to such findings, to be conceded if he demands it, which we think he should do, either before the opinion of the court is given, or, if thereafter, before the judgment is entered.