## In re LAUSMAN.

(District Court, W. D. Kentucky. December 16, 1910.)

**1. BANKRUPTCY (§ 8*)—STATUTES—CONSTRUCTION.**

Act Cong. June 25, 1910, c. 412, § 8, 36 Stat. 840, amending Bankruptcy Act July 1, 1898, c. 541, § 47a(2), 30 Stat. 557 (U. S. Comp. St. 1901, p. 3439), providing that the trustee shall collect and reduce to money the property of the bankrupt, and as to all property in the custody, or coming into the custody, of the bankruptcy court, shall be deemed vested with all rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon, and as to all property not in the custody of the bankruptcy court shall be deemed vested with all rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied, does not repeal or alter Bankruptcy Act, § 64, regulating the order of distribution of the bankrupt's estate, or change clause 5 of that section, declaring that debts owing to any person who by the laws of the state or of the United States is entitled to priority shall be given priority in distribution, subsequent to claims given priority by previous clauses of the section.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 6; Dec. Dig. § 8.*]

**2. SALES (§ 450*)—CONDITIONAL SALES—CHATTEL MORTGAGE—KENTUCKY LAW.**

A contract for the sale of a chattel in fact delivered to the buyer, providing that the title shall remain in the seller until the agreed price is paid, constitutes a sale with a mortgage back to the seller to secure the price under the Kentucky law.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1321; Dec. Dig. § 450.*

What constitutes a contract of conditional sale, see Dunlop v. Mercer, 86 C. C. A. 448.]

**3. BANKRUPTCY (§ 188*)—LIENS—CHATTEL MORTGAGE—FAILURE TO FILE—VALIDITY OF LIEN—"CREDITORS."**

Ky. St. § 496 (Russell's St. § 2062), provides that no mortgage shall be valid against a purchaser for a valuable consideration without notice thereof, or against creditors until the deed shall be acknowledged or

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

proved according to law and lodged for record. *Held*, that the term "creditors," as used in such section, did not include general creditors having no liens, and hence an unrecorded chattel mortgage on a computing scale, valid as between the parties, was valid against the mortgagors'. estate in bankruptcy; no creditor of the bankrupt having fastened a lien thereon prior to bankruptcy, whether other debts of the bankrupt were created before or after such mortgage was made.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 292; Dec. Dig. § 188.*

For other definitions, see Words and Phrases, vol. 2, pp. 1713–1726; vol. 8, pp. 7622, 7623.]

4. BANKRUPTCY (§§ 267, 258*)—LIENS—CONDITIONAL SALES—SATISFACTION.
   Where a seller of a scale to a bankrupt had a lien thereon under an unrecorded conditional sale contract which was valid against the bankrupt's estate, the seller was entitled to priority of payment out of the proceeds of a sale of the scale, or if it had not been sold, and it was advisable to do so, the trustee might surrender the scale to the seller in settlement.

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 371, 380, 359; Dec. Dig. §§ 267, 258.*]

In the matter of bankruptcy proceedings of Fred. A. Lausman. On petition for review of a referee's order denying the application of the Computing Scale Company for a lien under a conditional sale. Order reversed, and petition granted.

Walter S. Mendel, for petitioner.

EVANS, District Judge. On May 31, 1910, the Computing Scale Company, which we shall call the "scale company," agreed to sell, and in fact delivered to the bankrupt, one of its computing scales, the price being $125, of which $50 have been paid, leaving due a balance of $75. The contract between the parties was in writing and in terms provided that the title thereto should remain in the scale company until the agreed price was fully paid. Under the settled law of Kentucky, this contract constituted a sale and a mortgage back to the scale company to secure the price. Baldwin v. Crow, 86 Ky. 679, 7 S. W. 146. The mortgage was never recorded, but the scale company proved its debt as a secured claim. The referee refused to allow the claim as secured, but did allow it as a general claim, and of his refusal to allow it as a preferred claim the scale company complains in its petition for a review of the referee's order. The proceedings in the case were begun on September 2, 1910, and the provisions of the act of June 25, 1910 (Act June 25, 1910, c. 412, 36 Stat. 838), amending the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]), must govern wherever applicable. The referee based his ruling upon that one of the amendments to the act which reads as follows:

"That section forty-seven, clause two, of subdivision a, of said act as so amended be, and the same hereby is, amended so as to read as follows:

" 'Collect and reduce to money the property of the estates for which they are trustees, under the direction of the court, and close up the estate as expeditiously as is compatible with the best interests of the parties in interest; *and such trustees, as to all property in the custody or coming into the*

*custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon;* and also, as to all property not in the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied.' "

Precisely what the portion of this amendment which we have italicized may mean, and how it should be applied in any given case, are matters which may give the courts more or less trouble; but one thing seems to be clear, namely, that it does not attempt to repeal nor alter section 64 of the bankruptcy act, which regulates the order of distribution of assets, nor does it change clause 5 of that section, which provides that "debts owing to any person who, by the laws of the states or the United States, is entitled to priority," shall be given priority in the distribution of the bankrupt's estate next after those claims which are given priority by previous clauses of the section. This last provision brings us to a consideration of the law of Kentucky in our effort to ascertain the rights of the scale company. Assuming from what has been said, that the scale company has a mortgage on the computing scale described in its contract, the next step is to ascertain the proper construction and meaning of section 496 of the Kentucky Statutes (Russell's St. § 2062), which reads as follows:

"No deed, or deed of trust, or mortgage conveying a legal or equitable title to real or personal estate shall be valid against a purchaser for a valuable consideration without notice thereof, nor against creditors until such deed shall be acknowledged or proved according to law and lodged for record."

The mortgage in this case was neither acknowledged nor proved according to law nor lodged for record. Upon the provision of the Kentucky Statutes just quoted there have been distressing doubts, which, however, the Circuit Court of Appeals for this circuit has at last authoritatively removed by its opinion in the case of Crucible Steel Co. v. Holt, 174 Fed. 127, 129, 98 C. C. A. 101, 103. The court said:

"As between them (that is to say, the mortgagor and mortgagee) the mortgage was valid though not recorded. No creditor had fastened any lien upon them (the mortgaged articles), though several of them were in a condition and had a right to do so. * * * The mortgage was valid as between the mortgagor and the mortgagee whether recorded or not, and there is no express definition by the statute which extends the meaning of the word 'creditors' so as to include general creditors having no liens."

And on page 130 of 174 Fed., on page 104 of 98 C. C. A., it was said, in reference to what the court's mandate should be, that there should be "a declaration that the petitioner was entitled to prove its claim as a creditor and was entitled to a lien upon the goods in question for the unpaid purchase money, and to the extent of the amount realized or to be realized upon the sale thereof the trustee should accord to the petitioner a lien thereon paramount to the claims of the general creditors and make distribution of the proceeds accordingly."

Following this ruling, we must hold that it is immaterial whether the other debts of the bankrupt were created before or after the mortgage to the scale company was given, unless a lien upon the computing scale in favor of some other creditor was otherwise acquired pre-

vious to the adjudication in bankruptcy. And we must also hold that it is equally immaterial in this case that this mortgage was not acknowledged, proved, or recorded. As the law of Kentucky for this court in such cases has been settled by the Circuit Court of Appeals, so far as the construction of section 496 of the Kentucky Statutes is involved, the questions arising on the pending petition for a review do not appear to depend upon what sort of title the trustee may take to the property coming into his custody as provided by the amendment to section 47, supra, but upon how that property is required to be distributed, as the purpose of Congress in that behalf has been manifested by section 64 of the bankruptcy act. We think that section 47 as amended and section 64 do not conflict either in language or in legislative intention. Under these circumstances, no lien upon the computing scale having been otherwise acquired, so far as the record before us discloses, and under what we regard as the express mandate of the Circuit Court of Appeals, we must reverse the order of the referee, and direct that he ascertain what the computing scale brought, if the same has been sold, and give the scale company priority of payment out of the proceeds. But, if the computing scale has not been sold, then to direct its sale in due course, giving the scale company priority out of the price obtained, or if advisable the trustee might surrender the computing scale to the scale company, especially if the latter will agree to take it in full settlement of its demand. The referee, however, should be at liberty to ascertain whether, before the adjudication, any other creditor had obtained a lien upon the scales, and, if so, to determine the right as between any such creditor and the scale company.

We do not deem it necessary to discuss the question of the constitutionality of the amendment of June 25, 1910, as applied to this case, nor whether that amendment can be given a retroactive operation.

The order of the referee will be reversed, with the directions indicated.