In re BAZEMORE.

(District Court, N. D. Alabama, S. D. May 12, 1911.)

No. 10,946.

1. BANKRUPTCY (§ 279*)—ACTIONS—STATUTES—RIGHTS OF TRUSTEE.

Act June 25, 1910, c. 412, § 8, 36 Stat. 840, amending Bankr. Act July 1, 1898, c. 541, § 47a (2), 30 Stat. 557 (U. S. Comp. St. 1901, p. 3438), provides that trustees in bankruptcy as to all property in the custody or coming into the custody of the bankruptcy court shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by a legal or equitable proceeding thereon. *Held*, that such amendment confers on the trustee an absolute right to attack the unrecorded lien of a conditional seller without reference to whether the trustee represents creditors who have in fact acquired liens by legal or equitable proceedings against the bankrupt.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 419–424; Dec. Dig. § 279.*]

2. BANKRUPTCY (§ 345*)—LIENS—PREFERENCE—PAYMENT—STATUTES.

Under the state law a conditional vendor, holding under an unrecorded conditional sale, has no priority over judgment debtors of the vendee without notice, and under Bankruptcy Act July 1, 1898, c. 541, § 47a (2), 30 Stat. 557 (U. S. Comp. St. 1901, p. 3438), as amended by Act June 25, 1910, c. 412, 36 Stat. 840, conferring on the bankrupt's trusteee the rights of a lien creditor, the trustee acquires the same rights as judgment creditors without notice, such conditional seller has no priority, and the order of payment provided for by section 64 is not therefore interfered with by refusing to allow priority of payment to such conditional seller.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 531–540; Dec. Dig. § 345.*]

3. SALES (§ 465*)—CONDITIONAL SALES—RECORD—SEPARATE PAPERS.

Where a conditional sale contract was contained in two separate papers, only one of which was filed for record, and the legal effect of the recorded instrument was materially different in several respects from that of the contract, evidenced by both instruments construed together, the contract was unrecorded.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1353; Dec. Dig. § 465.*]

4. SALES (§ 472*)—CONDITIONAL SALES—FAILURE TO RECORD—CONSTRUCTIVE NOTICE.

Failure to record a material part of a conditional sale contract prevented the record of the part from operating as constructive notice to creditors.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1366–1376; Dec. Dig. § 472.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**5. BANKRUPTCY (§ 188\*)—CONDITIONAL SALES—UNRECORDED CONTRACT—NO-TICE—BURDEN OF PROOF.**

Where a conditional vendor under an unrecorded contract of sale claims a lien thereunder against the buyer's trustee, the burden is on such vendor to show actual notice of the conditional sale on the part of the bankrupt's creditors.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 270, 286–295; Dec. Dig. § 188.\*]

In Bankruptcy. In the matter of bankruptcy proceedings of B. B. Bazemore. On petition to review referee's order disallowing petitioner's application to reclaim certain goods. Affirmed.

Order reversed Cable Co. of Alabama v. Stewart, 191 Fed. 699, 112 C. C. A. 289.

Bondurant & Smith, for petitioner.
D. D. Trimble, for trustee in bankruptcy.

GRUBB, District Judge. This matter comes on for hearing upon a petition to review the decision of the referee disallowing the petition of the Cable Company to reclaim a piano sold the bankrupt, the vendor retaining title until the purchase money was fully paid. The law of Alabama (section 3394, Code 1907) requires all contracts of this character for the conditional sale of personal property to be recorded, and avoids the contract so far as the condition is concerned, as to purchasers for a valuable consideration, mortgagees and judgment creditors without notice, when not recorded. The referee declared the conditional retention of title void as to the trustee because of noncompliance with the recording statute. Three questions are presented by petition for review: [1] First. Does the amendment to the bankrupt act (Act June 25, 1910, c. 412, 36 Stat. 838) vest in the trustee the right of a judgment creditor without notice to hold the property sold as against the conditional vendor? Second. Was there a compliance with the record laws of Alabama in the instant case? Third. Is the burden on the trustee to show that he represented a class of creditors having no actual notice of the conditional sale?

(1) Before the amendment to the bankruptcy act, the trustee's title as against a claim under an unrecorded conditional sale, though the state law required record, did not prevail. Crucible Steel Co. v. Holt, 174 Fed. 127, 98 C. C. A. 101. It was to obviate this, among other things, that section 47, cl. 2, subd. "a," of Act July 1, 1898, c. 541, 30 Stat. 557 (U. S. Comp. St. 1901, p. 3438), was amended by inserting the words "And such trustees, as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon" (statement of Representative Shirley to the House of Representatives, Congressional Record, Sixty-First Congress, 2d Session, pp. 2552–2554 [36 Stat. 840]), and to vest in the trustee the same right to attack secret unrecorded liens, where record was required by the state law, as was given to the judgment creditors and others under that law. It seems to me that the language of the amendment should be construed to effectuate this result if it fairly admits of such construction. If the operation of the amendment is restricted to cases in which a creditor has in fact acquir-

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ed a lien by legal or equitable proceedings, then it adds nothing to the law as it was under the original act. By virtue of section 67 of the original act the trustee was subrogated to such a lien, if created within four months, and could enforce it for the benefit of the estate. If created beyond four months from the filing of the petition, it was, of course, valid as against the trustee, under both the original and amended acts. The class of cases, unprovided for, by the original act, and intended to be reached by the amendment, were those in which no creditors had acquired liens by legal or equitable proceedings and to vest in the trustee for the interest of all creditors the potential rights of creditors of that class. The language is readily susceptible of this construction. It recites that such trustees "shall be deemed vested with all the rights, remedies and powers of a creditor holding a lien by legal or equitable proceedings thereon." This language aptly refers to such rights, remedies, and powers as a creditor holding such a lien is entitled to under the law, rather than to the rights, remedies and powers of a creditor who had actually fastened a lien on the property of the bankrupt estate. It is true that the case of In re Lausman (D. C.) 183 Fed. 647, conflicts with this view. The construction, necessary to effectuate the intention of Congress, does not seem to me to make the amended section conflict with section 64b, cl. 5.

[2] Under the state law the conditional vendor has no priority over judgment creditors without notice, and the amendment to the bankruptcy act places the trustee in that category. As against his right as conferred by the amended section of the act, the conditional vendor has no priority, and the order of payment provided for by section 64 is not therefore interfered with by not allowing the conditional vendor priority of payment.

[3] (2) In this case the petitioner's conditional sale contract was contained in two separate papers, one was filed for record, as required by law, the other was not. The one recorded referred to the unrecorded instrument as part of the sale contract. The legal effect of the recorded instrument was materially different in several respects from that of the contract evidenced by both the recorded and unrecorded instruments when taken together. The purchase money was payable in monthly installments. The original contract contained no provision for the maturing of the whole indebtedness upon the default in one payment. The unrecorded instrument vested the vendor with the option upon default in one payment to declare all due and payable and to reclaim the property sold to redeem which the purchaser would then have to pay the whole unpaid purchase money though a large part of it was not yet due. One extending credit to or purchasing the property sold from the original purchaser, without actual notice of the additional stipulation contained in the unrecorded portion of the contract, would clearly be prejudiced thereby. Section 3394, Code Alabama 1907, requires the contract to be in writing and recorded. Recording a part only of the contract, and leaving unrecorded a part which materially altered the legal effect, is not a compliance with the statute, and in such case the unrecorded contract

would as to the condition be void as to purchasers for a valuable consideration, mortgagees, and judgment creditors, without notice. .

[4] (3) Failure to record the whole contract prevents the record of part from operating as constructive notice to creditors. If all the creditors of the bankrupt had actual notice of the conditional sale, the trustee would represent no class as to which the condition would be void, since actual notice removes the necessity of showing constructive notice.

[5] The burden, however, is on the petitioner to show that creditors who had parted with value to the bankrupt had actual notice of the conditional sale when they did so. The record contains no evidence tending to show actual notice on the part of any or all creditors. Ely v. Pace, 139 Ala. 293, 35 South. 877; Hodges v. Winston, 94 Ala. 578, 10 South. 535; Bynum v. Gold, 106 Ala. 434, 17 South. 667.

The action of the referee in dismissing petitioner's petition is confirmed, and the petition for review is dismissed at petitioner's cost.