## In re CALHOUN SUPPLY CO.

(District Court, N. D. Alabama, E. D. July 28, 1911.)

1. BANKRUPTCY (§ 184*)—TITLE OF TRUSTEE—UNRECORDED CONDITIONAL SALE —STATUTES.

   Bankr. Act July 1, 1898, c. 541, § 47a (2), 30 Stat. 557 (U. S. Comp. St. 1901, p. 3438), as amended by Act Cong. June 25, 1910, c. 412, § 8, 36 Stat. 840, vesting the trustee as to all property in the custody, or coming into the custody of the bankruptcy court, with the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon, extends the rights and remedies of the trustee to those of a judgment creditor under the registration act of Alabama, so as to avoid in his favor an unrecorded conditional sale; the law of Alabama requiring the recording of conditional sale agreements without giving a conditional seller any priority over judgment creditors without notice.

   [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 184.*]

2. BANKRUPTCY (§ 4*)—STATUTES—CONSTRUCTION.

   Bankr. Act July 1, 1898, c. 541, § 47a (2), 30 Stat. 557 (U. S. Comp. St. 1901, p. 3438) as amended by Act Cong. June 25, 1910, c. 412, § 8, 36 Stat. 840, vesting the trustee as to all property in the custody or coming into the custody of the bankruptcy court with the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon, does not conflict with section 64b (5), regulating the order of distribution of a bankrupt's estate, though the trustee may avoid unrecorded conditional sales, where under the state law requiring the recording of conditional sales the conditional seller has no priority over judgment creditors without notice, and hence the order of payment provided for by section 64 is not interfered with by not allowing a conditional seller priority of payment.

   [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 4.*]

In the matter of the bankruptcy of the Calhoun Supply Company. Petition to review order of referee denying the petition of the Barbour Buggy Company to reclaim property. Dismissed.

Knox, Acker, Dixon & Sterne, for petitioner.
Blackwell & Agee, for trustee.

GRUBB, District Judge. [1] The record presents but one question, viz.: Does the amendment to the bankruptcy act of June 25, 1910, extend the rights and remedies of the trustee to those of a judgment

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

creditor under the registration act of Alabama, so as to avoid in favor of the trustee an unrecorded conditional sale.

Before the amendment to the bankruptcy act, the trustee's title as against a claim under an unrecorded conditional sale, though the state law required record, did not prevail. Crucible Steel Co. v. Holt, 174 Fed. 127, 98 C. C. A. 101. It was to obviate this, among other things, that section 47, cl. 2, subd. a, of the act, was amended by inserting the words:

"And such trustees, as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon."

Statement of Representative Shirley to the House of Representatives, Congressional Record, 61st Congress, 2d Session, pp. 2552–2554 (36 Stat. 840). And to vest in the trustee the same right to attack secret unrecorded liens, where record was required by the state law, as was given to the judgment creditors and others under that law. It seems to me that the language of the amendment should be construed to effectuate this result if it fairly admits of such construction. If the operation of the amendment is restricted to cases in which a creditor has in fact acquired a lien by legal or equitable proceedings, then it adds nothing to the law as it was under the original act. By virtue of section 67 (c) of the original act the trustee was subrogated to such a lien, if created within four months, and could enforce it for the benefit of the estate. If created beyond four months, from the filing of the petition, it was, of course, valid as against the trustee, under both the original and amended acts. The class of cases, unprovided for by the original act and intended to be reached by the amendment, were those in which no creditors had acquired liens by legal or equitable proceedings and to vest in the trustee for the interest of all creditors the potential rights of creditors with such liens. The language admits of this construction. It recites that such trustee "shall be deemed vested with all the rights, remedies and powers of a creditor holding a lien by legal or equitable proceedings thereon." This language aptly refers to such rights, remedies, and powers as a creditor holding such a lien is entitled to under the law, rather than to the rights, remedies, and powers of a creditor who had actually fastened a lien on the property of the bankrupt estate. It is true that the case of In re Lausman (D. C.) 183 Fed. 647, conflicts with this view. The construction, necessary to effectuate the intention of Congress, does not seem to me to make the amended section conflict with section 64b, cl. 5, as there stated.

[2] Under the state law, the conditional vendor has no priority over judgment creditors without notice and the amendment to the bankruptcy act places the trustee in that category. As against his right as conferred by the amended section of the act, the conditional vendor has no priority, and the order of payment provided for by section 64 is not, therefore, interfered with by not allowing the conditional vendor priority of payment.

The contention is made by petitioner that the language of the amendment is not broad enough to include a judgment creditor. The language of the amendment applicable to property in the possession of the bankrupt and coming into the possession of his trustee (as in this case) is "creditor holding a lien by legal or equitable proceeding." Unless this includes the "judgment creditor" of our registration statute, it is clear that the trustee has no better right to complain of an unrecorded conditional sale than has the bankrupt. The contention of petitioner is expressed in his brief thus:

"Unless the term 'creditor holding a lien by legal or equitable proceedings' must necessarily include the term 'judgment creditor' so that every creditor holding a lien by legal or equitable proceedings is bound to be a judgment creditor, then the 1910 amendment does not endue the trustee with the rights of a judgment creditor."

It is true that the words quoted from the amendment must necessarily include within their proper meaning a judgment creditor, but that is a very different thing from saying that they must be construed so as to include no other class of lienholders than judgment creditors. It is sufficient, if one of the classes of creditors, coming within the fair meaning of the words, is that of judgment creditors, even though other classes of lienholders, not judgment creditors, may also come within the fair meaning of the words. The purpose of Congress was to embrace within these words every class of creditors with liens by legal or equitable proceedings favored by the varying registration laws of each of the states. The registration laws of some states include but one of many classes of such creditors. In that case the purpose of Congress is not to be frustrated as to the included class because other classes included in the amendment were not included also in the registration act of that particular state. The breadth of language was used for the purpose of gathering in all classes protected by all local registration acts, and this purpose would be defeated by the construction contended for by the petitioner.

A judgment creditor may be a lienholder by legal proceedings in the event he has levied an execution. The words "creditor holding a lien by legal or equitable proceedings" include a judgment creditor, holding an execution lien. The words "judgment creditor" of the Alabama registration act (Code 1907, § 3394) also include a judgment creditor holding a lien by execution. There is therefore a class included in the terms of the amendment that is also protected by the Alabama registration act against the unrecorded conditional sales. The trustee is invested by the amendment with the right of that class to avoid such unrecorded conditional sales.

It is not a valid objection to this conclusion that there may be judgment creditors within the meaning of one registration act, who have no lien by legal proceedings, and hence are not within the class of "creditors holding a lien by legal or equitable proceedings," whose rights by virtue of the amendment vest in the trustee, any more than it is a valid objection that there may be creditors holding a lien "by legal or equitable proceedings" who are not judgment creditors and do not come within the class protected by the registration act.

The test is whether there exists a class properly included within the language of the amendment and that of the Alabama registration act. It is conceded that a judgment creditor holding a lien by execution is such a class. The trustee, therefore, is vested with the right by the amendment and the registration act of that class to avoid unrecorded conditional sales.

For the reasons above stated, the petition for review will be dismissed, with costs upon petitioner.