### In re KREUGER.

(District Court, E. D. Kentucky. March, 1912.)

BANKRUPTCY (§ 140*)—RIGHTS OF TRUSTEE—PROPERTY HELD UNDER CONTRACT OF CONDITIONAL SALE.

> Under Bankr. Act July 1, 1898, c. 541, § 47a (2), 30 Stat. 557 (U. S. Comp. St. 1901, p. 3438), as amended by Act June 25, 1910, c. 412, § 8, 36 Stat. 840 (U. S. Comp. St. Supp. 1911, p. 1500), which provides that trustees "as to all property in the custody or coming into the custody of the bankruptcy court shall be deemed vested with all the rights, remedies and powers of a creditor holding a lien by legal or equitable proceedings thereon," a seller of property to a bankrupt by an unrecorded contract of conditional sale, which under the law of Kentucky operates as a chattel mortgage, cannot recover the property from the trustee.
>
> [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 198, 199, 219, 221, 225; Dec. Dig. § 140.*]

In the matter of one Kreuger, bankrupt. On review of order of referee. Affirmed.

See, also, 197 Fed. 124.

Helm Bruce, for petitioner.

R. A. Chiles and C. L. Williamson, for trustee.

COCHRAN, District Judge. This cause is before me on petition for review, filed by the Kentucky Wagon Manufacturing Company, of an order of the referee denying its claim to a lien on certain wagons sold by it to the bankrupt, and which came into the trustee's hands as a part of his estate.

The sale of the wagons was a conditional sale. In Kentucky this creates a mortgage in favor of the seller for the unpaid purchase price. The petitioner, therefore, was the holder of an unrecorded lien on the wagons at the time of the institution of these proceedings.

If the law was now as it was prior to the amendment of June 25, 1910, it would have to be held that the petitioner is entitled to a lien as against the trustee. In the case of In re Ducker (C. C. A., 6th Cir.) 13 Am. Bankr. Rep. 760, 134 Fed. 43, 67 C. C. A. 117, the appellate court of this circuit, affirming a decision of Judge Evans in 133 Fed. 771, held otherwise. This decision was in effect overruled by the decision of the Supreme Court in the case of York v. Cassell, 201 U. S. 344, 26 Sup. Ct. 481, 50 L. Ed. 782, 15 Am. Bankr. Rep. 633. Thereafter the appellate court for this circuit, in pursuance of the decision of the Supreme Court in York v. Cassell, yielded the position taken by it in the Ducker Case, and held that the holder of the unrecorded lien was entitled to priority over the trustee. This it did

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

in the case of In re Doran (C. C. A., 6th Cir.) 18 Am. Bankr. Rep. 760, 154 Fed. 467, 83 C. C. A. 265; Crucible Steel Co. v. Holt (C. C. A., 6th Cir.) 23 Am. Bankr. Rep. 302, 174 Fed. 127, 98 C. C. A. 101: I had so held in the case of In re Sewell (D. C., Ky.) 7 Am. Bankr. Rep. 133, 111 Fed. 791, my decision therein being disapproved by Judge Severens in the Ducker Case.

The ground of this position was that under the rulings of the Kentucky Court of Appeals, in order for a creditor to avail himself of section 496 (Ky. St.), he had to fasten a lien on the property. This a trustee, like an assignee for the benefit of creditors, did not do. He simply stepped into the bankrupt's shoes. But, as I construe the amendment of June 25, 1910, the law is in this particular not now as it was prior thereto. It expressly provides that the trustee shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings. Had bankruptcy not ensued, a creditor holding a lien by legal or equitable proceedings on the wagons in questions here would be entitled to prior claim over the unrecorded lien of the petitioner, and by the express terms of the amendment the trustee herein is vested with the same right.

There is no question as to the applicability of the amendment to this case, as the lien of petitioner was created long after its enactment. There was a question as to its application in the case of In re Lausman (D. D., Ky.) 25 Am. Bankr. Rep. 186, 183 Fed. 647, decided by Judge Evans, though he seems to have been of the opinion that the amendment made no change in the law in the particular involved here. A recent case in which this decision has been disapproved is that of In re Williamsburg Knitting Mill (D. C., Va.) 27 Am. Bankr. Rep. 178, 190 Fed. 871.

The action of the referee is affirmed.