## In re SAM Z. LORCH & CO.

(District Court, W. D. Kentucky. November 6, 1912.)

BANKRUPTCY (§ 166*)—MORTGAGE—VALIDITY AS AGAINST TRUSTEE.

    The provisions of Bankr. Act July 1, 1898, c. 541, § 60b, 30 Stat. 562 (U. S. Comp. St. 1901, p. 3445), as amended by Act June 25, 1910, c. 412, § 11, 36 Stat. 842 (U. S. Comp. St. Supp. 1911, p. 1506), defining preferences which are voidable, are applicable in case of objections by a trustee to proof of a debt by which priority is claimed under a mortgage, and furnish the rules by which the validity of the mortgage as against the trustee is to be determined; and a mortgage, although given or recorded within four months, to secure a prior debt, and when the bankrupt was insolvent, cannot be denied proof, unless, at the time it was so given or recorded, the creditor knew or had reasonable cause to believe the fact of such insolvency.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 250–258; Dec. Dig. § 166.*]

In the matter of Sam Z. Lorch & Co., a corporation, bankrupt. On petition by trustee to review the referee's order refusing to reconsider claim of the Louisville Stove Fixture Company, proved as a secured claim. Affirmed.

Kohn, Bingham, Sloss & Spindle, of Louisville, Ky., for trustee.
Lawrence S. Leopold, of Louisville, Ky., for creditor.

EVANS, District Judge. Three creditors of this bankrupt on April 18, 1912, filed a petition against it, in which, showing it to be a corporation organized under the laws of the state of Kentucky, they alleged that it had committed certain acts of bankruptcy, and thereupon prayed that it might be adjudicated a bankrupt. After some delay an adjudication was accordingly made on May 17th. In due course A. R. Cooper was appointed its trustee. One of its creditors

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

was the Louisville Store Fixture Company, which we shall call the Fixture Company. It proved a debt against the bankrupt for $600 as one secured by a mortgage upon certain articles of personal property described therein. The mortgage, though, for certain reasons given in the testimony, dated August 11, 1911, was not, in fact, executed until some time in January, 1912, and was not recorded until April 15th—three days before the petition in bankruptcy was filed. Other facts respecting it may be stated further along. The claim was allowed by the referee as one entitled to priority of payment out of the proceeds of the sale of the property covered by the mortgage. Subsequently Cooper, the trustee, filed a petition before the referee in which he prayed for a reconsideration of the claim. This petition we shall treat as his pleading in the case. The grounds upon which such reconsideration was asked are alleged by the trustee in this language, namely:

"Your petitioner refers to the original chattel mortgage filed herein with the claim of said Louisville Store Fixture Company, and makes same a part hereof. That said claim should not be allowed as a lien upon the fixtures belonging to the bankrupt herein, because said mortgage was not recorded prior to the 15th day of April, 1912, until after each and every debt due to each and every creditor of the bankrupt as shown herein by the schedules of said bankrupt, and the proofs of claims filed herein by the various creditors, and because said creditors had no notice thereof. That said lien is claimed upon property in the custody of this court. That no previous application has been made for the order asked for herein. Wherefore your petitioner prays that the said proof of debt be reconsidered, and that the claim of said creditor be allowed as a general claim against the estate of the bankrupt herein."

The referee, after a full hearing of the testimony offered in support of the trustee's petition, denied the reconsideration, affirmed the allowance of the claim as one secured by a mortgage, and directed its payment out of the proceeds of a sale of the mortgaged property which had been made by the trustee. The latter by his petition has sought a review by the court of those orders upon the ground that the referee's rulings were erroneous. We have stated somewhat specifically the facts relating to the issues, because at the hearing there was much effort to enlarge the scope of the controversy. This was notably so, first, in respect to the fact that the bankrupt was a corporation, of which the trustee's counsel claimed to have been ignorant; and, second, in respect to the fact that the bankrupt's name was signed to the mortgage, without showing on the face of that instrument that this was done by its president. However, the mortgage was executed and delivered by the president in the name of the corporation. The fact that the original petition in bankruptcy stated on its face that the bankrupt was a corporation effectually disposes of any claim of ignorance of the corporate character of the bankrupt. Besides, the validity of the mortgage was not assailed in the trustee's pleading on either of those grounds, and we do not doubt in this instance that the questions before us on the petition for a review should be limited to those involved in the issues made before the referee.

1. Section 47a, cls. 1 and 2, of the Bankruptcy Act (Act July 1,

1898, c. 541, 30 Stat. 557 [U. S. Comp. St. 1901, p. 3439]), as amended by Act June 25, 1910, c. 412, § 8, 36 Stat. 840 (U. S. Comp. St. Supp. 1911, p. 1501), is as follows:

"Sec. 47. Duties of Trustees. *a* Trustees shall respectively (1) account for and pay over to the estates under their control all interest received by them upon property of such estates; (2) collect and reduce to money the property of the estates for which they are trustees, under the direction of the court, and close up the estate as expeditiously as is compatible with the best interests of the parties in interest; *and such trustees, as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon; and also, as to all property not in the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied.*"

We shall assume that the trustee, as expressly provided in the section, has, if he asserts it, the same right that a creditor holding a lien by legal or equitable proceedings would have to the bankrupt's property, and that he has the same right any such creditor would have to contest the proof of debt of the Fixture Company under its mortgage. This will bring us to the direct question of whether the right of the Fixture Company, under its mortgage, is, in this case, shown to be superior to that of the trustee occupying the position given him by the statute, or whether the converse of the proposition is true.

By section 1, cl. 25, of the Bankruptcy Act, it is provided that the word—

"'transfer' shall include the sale and every other and different mode of disposing of or parting with property, or the possession of property, absolutely or conditionally, as a payment, pledge, mortgage, gift, or security."

Section 60, "a" and "b," as amended on June 25, 1910, so far as necessary to be now considered, is as follows:

"Sec. 60. Preferred Creditors. *a* A person shall be deemed to have given a preference if, being insolvent, he has, within four months before the filing of the petition, * * * made a transfer of any of his property, and the effect of the enforcement of such * * * transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class. Where the preference consists in a transfer, such period of four months shall not expire until four months after the date of the recording or registering of the transfer, if by law such recording or registering is required.

"*b* If a bankrupt shall have * * * made a transfer of any of his property, and if, at the time of the transfer, * * * or of the recording or registering of the transfer if by law recording or registering thereof is required, and being within four months of the filing of the petition in bankruptcy or after the filing thereof and before the adjudication, the bankrupt be insolvent and the judgment or transfer then operate as a preference, and the person receiving it, or to be benefited thereby, or his agent acting therein, shall then have reasonable cause to believe that the enforcement of such judgment or transfer would effect a preference, it shall be voidable by the trustee and he may recover the property or its value from such person.*"

While these provisions relate more specifically to the right of the trustee "to recover the property," yet as they afford the trustee the right to avoid any preference coming within them, and as trying the question before the referee at this stage is available and efficient, we do not doubt their applicability to the case of objections made by

the trustee to any proof of debt by which priority is claimed under a mortgage. And, as we construe those provisions, a transfer by way of mortgage made by a bankrupt is "voidable by the trustee," provided the following facts concur, namely: First, if the transfer is made within four months before the filing of the petition; second, if the bankrupt is insolvent when the transfer is made; third, if the effect of the enforcement of the transfer will enable any one of the bankrupt's creditors to obtain a greater percentage on his debt than any other creditor of the same class; and fourth, if at the time of making the transfer, or if at the time it was recorded, the person receiving it, or his agent acting therein, had at either of those times reasonable cause to believe that the enforcement of the transfer would effect a "preference"—that is, to say, that its enforcement would give him a larger percentage on his debt than other creditors would receive. As no greater percentage could be received under the transfer if the debtor be solvent and all his debts be paid in full, a creditor cannot be said to have reasonable cause to believe the enforcement of the transfer would effect a preference, unless either at the time the transfer was made or at the time it was recorded he had reasonable cause to believe that his debtor was then insolvent. Hence we conclude that that is what the act must be construed to mean.

We may assume that the transfer or mortgage in this case was made within four months of the filing of the petition in bankruptcy, that at that time the bankrupt was in fact insolvent, and consequently that, if a division of the debtor's assets had then taken place, the Fixture Company would have received a greater percentage on its debt than would other creditors. But this does not dispose of the case, nor entitle the trustee to avoid the transfer, unless either when the transfer was made in January, 1912, or when it was recorded on April 15, 1912, the Fixture Company or its agent had reasonable cause to believe that the enforcement of the transfer would yield it a greater percentage on its debt than the other creditors would receive. Of course, the Fixture Company got security; but that is not the same thing as a "preference" within the statute. Indeed, it is not unusual for a perfectly solvent debtor to give a creditor security.

The vital question of fact in this connection, and which question we have sufficiently indicated, must be determined upon the pleadings and the testimony. We have already set out in full the trustee's pleading in the case, and we do not find that he has alleged the facts necessary to bring his opposition to the claim of the Fixture Company within the grounds upon which the statute permits him to avoid the transfer. His failure to do this becomes entirely manifest when his pleading is compared with the provisions of section 47 as amended. Besides, when we carefully consider the testimony offered in support of the trustee's objection to the transfer, we find nothing to indicate that the Fixture Company or its agent had reasonable ground to believe that the bankrupt was insolvent, or that the enforcement of the transfer would give it a "preference," either when the transfer was made or when it was recorded. Indeed, the testimony is clearly and

explicitly the other way, and it would be unfair to charge the Fixture Company with knowing then what all of us know now. So that there was neither allegation by the trustee .in his pleading, nor was proof adduced by him at the hearing, to sustain his right to avoid the transfer upon the grounds for so doing prescribed by the statute, namely, that the Fixture Company, either when the transfer was made or when it was recorded, had reasonable ground to believe that the enforcement of the transfer would effect a preference. It would be quite out of due order to grant relief when the facts upon which it must depend are neither asserted nor proved. .

We think the referee was right in refusing to reconsider the claim, and the order sought to be reviewed will be affirmed.

The referee in some measure seems to have based his decision upon the opinion of this court in Re Lausman, 183 Fed. 647, 25 Am. Bankr. Rep. 186. That was a very different case, though the facts were not fully stated in the opinion. A creditor of that bankrupt, having an unrecorded mortgage to secure a debt of $75, tendered his proof thereof as a secured claim. The referee, without objection to the claim being made by anybody, supposing that on its face the proof of debt did not show a right to priority, disallowed it as a secured debt, but allowed it as a general claim. Of this ruling the creditor complained, and sought its review by the court. The trustee never in any way intervened or objected, nor did he make any claim to the mortgaged property under section 47· of the Bankruptcy Act as amended (which provides for gathering in the assets), and a construction of its provisions was neither called for nor made. No creditor appears to have opposed the claim to priority, nor had any creditor fastened a lien upon the mortgage property by attachment or other-- wise. Under those circumstances, under section 64 (which regulates the distribution of assets), there was nothing for the court to do but follow the ruling of the Circuit Court of Appeals in Crucible Steel Co. v. Holt, Trustee, 174 Fed. 127; 98 C. C. A. 101, which finally con- strued the Kentucky statute and perfectly covered the case. As we have stated, the facts were not fully set forth in the opinion in the Lausman Case. This is much to be regretted, as doing so might have saved two or three of my learned brethren from a misconception of it, notably in In re Williamsburg Knitting Co. (D. C.) 190 Fed. 871, In re Bazemore (D. C.) 189 Fed. 236, In re Calhoun Supply Co. (D. C.) 189 Fed. 537, In re Dancy Hardware & Furniture Co. (D. C.) 198 Fed. 336, and In re Kreuger (D. C.) 199 Fed. 367.

The referee's orders are affirmed.