### AUGUSTA GROCERY CO. v. SOUTHERN MOLINE PLOW CO.

### In re RUTLAND-PERRY CO.

(Circuit Court of Appeals, Fourth Circuit. February 5, 1914.)

No. 1192.

BANKRUPTCY (§ 140*)—PROPERTY VESTING IN TRUSTEE—VOID LIENS.

    Under Civ. Code S. C. 1912, § 3740, providing that agreements by which a vendor or bailor reserves any interest shall be null and void as to subsequent creditors, unless in writing and recorded, where a contract by which a vendor reserved title was not recorded and the vendee became bankrupt, the property was held by the trustee for the benefit of all the creditors of the bankrupt, whether subsequent or antecedent creditors.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 198, 199, 219, 225; Dec. Dig. § 140.*]

Petition for Revision of Proceedings of the District Court of the United States for the Eastern District of South Carolina, at Columbia, in bankruptcy; Henry A. M. Smith, Judge.

In the matter of the Rutland-Perry Company, bankrupt. On petition by the Augusta Grocery Company to review an order reversing an order of the referee relative to the disposition of the proceeds of property sold the bankrupt by the Southern Moline Plow Company. Reversed.

J. Fraser Lyon, of Columbia, S. C., for petitioner.

T. C. Callison, of Lexington, S. C. (Thurmond, Timmerman & Callison, of Lexington, S. C., on the brief), for respondent.

Before PRITCHARD, KNAPP, and WOODS, Circuit Judges.

PRITCHARD, Circuit Judge. This is a petition to superintend and revise, in matter of law, proceedings of the District Court of the United States for the Eastern District of South Carolina.

On the 18th day of January, 1913, the Rutland-Perry Company, a corporation organized under the laws of South Carolina, was adjudged bankrupt, and thereafter a trustee was duly appointed who, with other chattels, took into his custody certain vehicles which were conditionally sold by the Southern Moline Plow Company, to the bankrupt. The terms and conditions under which the sale was made were in writing and the petitioner bases its claim upon the following provisions of the contract:

> "All goods shipped under this contract and the proceeds of sale thereof, shall be and remain the property of Southern Moline Plow Company and subject to their order, at any time they may deem themselves insecure and until all the conditions of this contract are complied with, including the final payment in full of said goods."

Section 3740 of the Code of Laws of South Carolina, 1912, vol. 1, provides that every agreement between the vendor and vendee, bailor or bailee of personal property, whereby the vendor or bailor, shall reserve to himself any interest in the same, shall be null and void as to subsequent creditors (whether lien creditors or simple contract creditors), unless the same be reduced to writing and recorded in the manner now provided by law for the recording of mortgages, and,

Section 3542 of the Code of Laws of South Carolina, 1912, vol. 1, provides that mortgages shall be valid, so as to affect from the time of delivery or execution the rights of subsequent creditors, only when recorded within ten days from the time of such delivery or execution.

It is contended by counsel for respondent that under the law in this case "the antecedent creditors of Rutland-Perry Company cannot participate in the proceeds realized from the sale of the property sold by, and mortgaged to, the Southern Moline Plow Company, although the said mortgage was never recorded."

It is admitted that the mortgage in question was not recorded in accordance with the laws of South Carolina.

Under these circumstances, the only question involved in this controversy is as to whether the trustee is the owner of the vehicles in question for the benefit of all creditors of the Rutland-Perry Company, bankrupt.

In the case of Millikin v. Second National Bank of Baltimore, 30 Am. Bankr. Rep. 477, 206 Fed. 14, 124 C. C. A. 148, this court decided the question involved in this controversy adversely to the contention of the respondent.

Also the following cases are to the same effect: Williamsburg Knitting Mills Co. (D. C.) 27 Am. Bankr. Rep. 178, 190 Fed. 871; In re Kreuger (D. C.) 27 Am. Bankr. Rep. 623, 199 Fed. 367; In re Farmers' Supply Co., 28 Am. Bankr. Rep. 535, 196 Fed. 990.

We are therefore of the opinion that the court below erred in reversing the order of the referee, wherein it was held that the trustee held the property in question for the benefit of all the creditors of the bankrupt.

We deem it proper to say in this connection that the opinion of this court in the case of Millikin v. Second National Bank of Baltimore had not been announced at the time the decree was entered in the court below.

For the reasons stated, the judgment of the lower court is reversed. Reversed.